UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEPHEN S., | ) |
|     Plaintiff, | ) ) ) ) No. 24-cv-7005 |
|     v. | ) ) Magistrate Judge Keri L. Holleb Hotaling |
| FRANK BISIGNANO, Commissioner of the Social Security Administration, | ) ) ) |
|     Defendant. | ) ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Stephen S.[1] appeals the decision of the Defendant Commissioner ("Commissioner") of the Social Security Administration ("SSA") denying him disability benefits. For the reasons set forth below, Plaintiff's motion for summary judgment (Dkt. 18) is GRANTED, and the Commissioner's motion for summary judgment (Dkt. 21) is DENIED.[2] The Commissioner's decision is reversed, and the case is remanded for further proceedings consistent with this Memorandum Opinion and Order.

**I.    BACKGROUND**

    **A.    Procedural History**

Plaintiff applied for disability insurance benefits ("DIB") and supplemental security income ("SSI") alleging disability beginning February 15, 2019. (Administrative Record ("R.") 15.) Following initial and reconsideration denials of Plaintiff's applications, an Administrative Law Judge ("ALJ") held an Administrative Hearing and issued a September 21, 2023 decision finding Plaintiff not disabled (R. 15-27). On June 21, 2024, the Appeals Council denied review

---

[1]    In accordance with Northern District of Illinois Internal Operating Procedure 22, the Court refers to Plaintiff only by his first name and the first initial of his last name.

[2]    Plaintiff's filing (Dkt. 18) is styled a "Memorandum in Support of Reversing or Remanding Commissioner's Decision," which the Court construes as a motion seeking summary judgment in Plaintiff's favor.

(R. 1-6), rendering the ALJ's decision the final decision of the Commissioner. Plaintiff appeals that decision. (Dkt. 1.)

### B. The ALJ's Decision

The ALJ analyzed Plaintiff's claim following the SSA's usual five-step sequential evaluation process to determine whether Plaintiff was disabled. (R. 16- 31); *see also* 20 C.F.R. §§ 404.1520(a), 416.920(a). The ALJ found at step one that Plaintiff met the insured status requirements of the Social Security Act for DIB through March 31, 2022 and did not engage in substantial gainful activity after his alleged disability onset. (R. 17-18.) At step two, the ALJ identified severe impairments of Crohn's disease; ulcerative colitis; pancreatitis; functional seizure disorder; depressive disorder; anxiety disorder with syncopal episodes; and substance abuse disorder. (R. 18.) At step three, the ALJ concluded Plaintiff's impairments, alone or in combination, did not meet or medically equal one of the SSA's listings of impairments (a "Listing") under 20 C.F.R. 404, Subpart P, Appendix 1. (R. 18-20.) Before step four, the ALJ found Plaintiff retained the residual functional capacity ("RFC") to perform light work with listed limitations. (R. 20-25.) At steps four and five, the ALJ concluded Plaintiff was unable to perform his past relevant work, but other jobs exist in sufficient numbers in the national economy that Plaintiff could perform, given his age, high school education, work experience, and RFC. (R. 25-27.) The ALJ therefore found Plaintiff was not disabled. (R. 27.)

### C. Standard of Review

In Social Security appeals, a court's "role is 'extremely limited,' and we do not reweigh evidence, make credibility determinations, or substitute our judgment for the ALJ's determination." *Cain v. Bisignano*, --- F.4th ----, 2025 WL 2202133, at *3 (7th Cir. Aug. 4, 2025) (citing *Crowell v. Kijakazi*, 72 F.4th 810, 814 (7th Cir. 2023)). "We will affirm unless the ALJ

2

made a legal error, or the decision is not supported by substantial evidence." *Id*. (citing *Crowell*, 72 F.4th at 813). This case turns on a legal error.

## II. ANALYSIS

The parties have extensively briefed (with each side filing an extra brief) the issue that proves dispositive here—whether, as Plaintiff urges, the case must be remanded due to a revision to Listing 5.06 shortly after the ALJ rendered a decision. The Seventh Circuit "'has observed, '[i]n considering whether a claimant's condition meets or equals a listed impairment, an ALJ must discuss the listing by *name* and offer more than a perfunctory analysis of the listing.'" *Wilder v. Kijakazi*, 22 F. 4th 644, 652 (7th Cir. 2022) (quoting *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)) (emphasis added in *Wilder*). The Seventh Circuit also has theorized that "in many cases" it would "be improper" to "review an ALJ's decision when it was based on inapplicable old regulations" unless "the differences between the old and new regulations are not great." *Keys v. Barnhart*, 347 F.3d 990, 994 (7th Cir. 2003) (cleaned up). The *Keys* court reviewed the ALJ's opinion despite a listing change because "it [wa]s plain" that the ALJ's "factual determinations would compel a denial of benefits under the new regulations as well as the old," rendering any error harmless. *Id*. at 994-95.

Here, in relevant part, the ALJ in his September 21, 2023 decision analyzed whether Plaintiff had an impairment or combination of impairments that met Listing 5.06 (Inflammatory bowel disease). The ALJ found that Plaintiff did not meet the criteria of the Listing's two parts, 5.06(A) or (B):

> because the claimant does not have properly documented inflammatory bowel disease with (A) obstruction of the stenotic areas in the small intestine or colon with proximal dilation or (B) two of the following within a six-month period despite prescribed treatment: (1) anemia with hemoglobin less than 10.0 g/dl, (2) serum albumin of 3.0 g/dL, (3) clinically documented tender abdominal mass with abdominal pain or cramping, (4) perineal disease with

3

> draining abscess or fistula, (5) involuntary weight loss of at least 10 percent from baseline, or (6) need for supplemental daily enteral nutrition via a gastrostomy or daily parenteral nutrition via a central venous catheter.

(R. 19-20.) Plaintiff does not challenge the ALJ's application of Listing 5.06(A) or (B) but notes that, on October 6, 2023, a revision to Listing 5.06 took effect, adding another alternative for a potential Listing-level impairment through a new subsection (C) providing as follows:

> Repeated complications of IBD (see 5.00D5a), occurring an average of three times a year, or once every 4 months, each lasting 2 weeks or more, within a consecutive 12-month period, and marked limitation (see 5.00D5c) in one of the following:
>
> 1. Activities of daily living (see 5.00D5d); or
>
> 2. Maintaining social function (see 5.00D5e); or
>
> 3. Completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace (see 5.00D5f).

20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 5.06 (2024). Examples of such "repeated complications" include but are not limited to abscesses, intestinal perforation, infectious colitis, and uteral obstruction, whether the same or different complications occur in the stated time. *Id*. § 5.00(D)(5)(a). The October 2023 revised criteria for evaluating digestive disorders, which included the foregoing changes, indicated the SSA would "apply the final rule" not only to "new applications filed on or after the effective date" but also "to claims that are pending on and after the effective date." 88 Fed. R. 37704-01, 2023 WL 3865938, at *37730 & n.133. Months later, the Appeals Council on June 21, 2024 "found no reason under [the SSA's] rules to review the [ALJ]'s final decision" and therefore "denied [Plaintiff's] request for review." (R. at 1.)

In his ensuing appeal here, Plaintiff `argues that the version of Listing 5.06 the ALJ relied upon became obsolete before the ALJ's September 21, 2023 decision became final upon the Appeals Council's June 21, 2024 refusal to review the decision. Because the new Listing, which Plaintiff deems "most applicable" to him, was not applied to Plaintiff's claims, Plaintiff concludes

4

remand is required. (Dkt. 18 at 7-8.) The Commissioner responds that the new Listing 5.06 does not apply here because it was not in effect when the ALJ rendered the September 21, 2023 decision. (Dkt. 22 at 3.) In support, the Commissioner cites: (1) SSA guidance anticipating that "Federal courts will review our final decisions using the rules that were in effect at the time we issued the decisions" and (2) a footnote in *Rice v. Barnhart*, 384 F.3d 363, 369 n.4 (7th Cir. 2004), in which the court stated that "the listing in effect at the time of the ALJ's decision . . . is the only listing we need . . . consider." (*Id.* at 3-4.)

The Commissioner's first citation does nothing to illustrate *when* the agency's decision became final, which is the question here. And the second citation is inconsistent with other, more reasoned, precedent. Contrary to the Commissioner's contention that the ALJ's opinion was final when issued, the Seventh Circuit has explained that an ALJ's decision is "*obviously* . . . not [] final" at the time it is rendered; the decision becomes final only "[w]hen the Council decide[s] not to review the case, . . . not earlier [.]" *Keys v. Barnhart*, 347 F.3d 990, 992 (7th Cir. 2003) (emphasis added);[3] *see also Pollard v. Halter*, 377 F.3d 183, 191 (2d Cir. 2004) ("[W]e find that a 'final decision' by the SSA is rendered when the Appeals Council either considers the application on the merits or declines a claimant's request for review, and not simply when the ALJ issues its decision."). The *Rice* court, in the brief footnote without analysis the Commissioner cites, did not purport to overturn the detailed and supported explanation in *Keys*.[4] *Keys* held, with a detailed analysis, *see* 347 F.3d at 992-93, that the ALJ's decision was not final until after the Appeals Council's decision; accordingly, Plaintiff's application remained "pending" when revised

---

[3] The Court is disappointed that the Commissioner did not so much as acknowledge, much less distinguish, this contrary and long-standing case in its opening brief.

[4] In any event, the issue was presented differently in *Rice*. There, the Plaintiff argued that ALJ erred by failing to mention in his decision the only relevant Listing, 1.05(C), but the Seventh Circuit held it could "safely conclude" the ALJ had "considered and applied the appropriate listing" because Plaintiff's attorney and the vocational expert had referred only to that listing. Unlike here, Plaintiff's argument does not seem to have been that the ALJ applied the incorrect *version* of a listing.

Listing 5.06 became effective on October 6, 2023. *See Brent A. M. v. Bisignano*, No. 4:24-cv-04175-SLD-RLH, 2025 WL 2416804, at *5-8 (C.D. Ill. June 9, 2025) (discussing *Keys* and language of preamble of revised Listing 5.06, applying language to facts at issue in that case, and concluding final decision of Commissioner issued after effective date of revised Listing 5.06).

Because Plaintiff's applications remained pending when the revised Listing 5.06 took effect, both case law and the SSA's regulations, including those related to the revised Listing, provide that the SSA should have applied the revision to Plaintiff's applications. *See McCavitt v. Kijakazi*, 6 F.4th 692, 694 (7th Cir. 2021) (noting that "the ALJ applied the amendment to the entire claim, because that's what the amendment itself instructs" where "[t]he order promulgating this change provides that it applies 'to claims that are pending on or after the effective date'"); *Brent A. M.*, 2025 WL 2416804, at *8 ("As in *McCavitt*, the revised listing governs, and the ALJ was required to evaluate the claim under the amended Listing 5.06.")

The conclusions that Plaintiff's applications remained pending when revised Listing 5.06 took effect and that the revised Listing should have been applied to his claims alone do not require remand, however, because it is possible the non-application of the revised listing was harmless, as it was in *Keys*. 347 F.3d at 994-95. Citing record evidence regarding Plaintiff's diagnoses and symptoms of bowel obstruction, bowel perforation, urinary tract infection, and irritable bowel syndrome, along with suspected infectious colitis and bowel obstruction or abscess, Plaintiff argues he should have had the opportunity to show that the revised Listing 5.06(C) was met, and it is not clear that any error in not applying the revised listing was harmless. (Dkt. 18 at 8-9.) The Commissioner rejoins that remand is not warranted unless Plaintiff "first establishes that his condition met or equaled the listing at issue." (Dkt. 22 (citing *Sosinski v. Saul*, 811 F. App'x 380, 381 (7th Cir. 2020).) The Commissioner makes a variant of that argument in its "Sur-Reply" as

6

well. (Dkt. 26 at 2 (citing *Ronald B. v. Berryhill*, No. 18-cv-4973, 2019 WL 2173776, at *2 (N.D. Ill. May 20, 2019).)

Again, the Commissioner's case law is inapposite. In *Sosinski*, the claimant merely argued without support that the ALJ's analysis of an existing listing was insufficient; the claimant did not argue, as is argued here, that a revised provision, though in effect, was not applied at the agency level. 811 F. App'x at 381. In *Ronald B.*, likewise, the claimant had challenged the ALJ's application of an existing listing, not the failure to apply a revision. 2019 WL 2173776, at *2. Neither case lends support to the Commissioner's ultimate contention that Plaintiff must conclusively prove on appeal that he meets the criteria of a Listing that was revised while his applications were pending but never evaluated in conjunction with his applications while they were pending before the SSA. Nor can the Commissioner bolster the existing final decision with rationales the Commissioner had not previously offered. (Dkt. 26 at 3 & n.2 (affirmatively arguing Plaintiff could not meet criteria of revised Listing 5.06(C).) *See Thomas H. v. Kijakazi*, No. 3:22-cv-50331, 2023 WL 6388145, at *4 (N.D. Ill. Sept. 29, 2023) ("[T]he Commissioner's 'attempt to supply a post-hoc rationale' for the ALJ's [Listing evaluation] 'runs contrary to the *Chenery*[5] doctrine' and is improper.") (citations omitted).

The Court cannot find on this record that the Commissioner committed mere harmless error in failing to apply the revised Listing 5.06 to Plaintiff's then-pending applications. As noted above, the revised Listing 5.06(C) provides another avenue to find a Listing-level impairment where an individual suffers "repeated complications of IBD .. . . . an average of three times a year . . . and marked limitations in . . . [a]ctivities of daily living[,]" or "[m]aintaining social function[,]" or "[c]ompleting tasks in a timely manner due to deficiencies in concentration, persistence, or pace."

---

[5] *SEC v. Chenery Corp.*, 318 U.S. 80, 87-88 (1943).

20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 5.06 (2024). The ALJ never mentioned or considered this revised provision, and the Court cannot weigh evidence in the first instance. "[T]he Court is not, and cannot be, convinced that the ALJ would have reached the same result in an analysis that was never performed." *Brent A. M.*, 2025 WL 2416804, at *9 (finding ALJ's failure to address revised Listing 5.06 in January 2024 decision "dispositive" in *sua sponte* remand). Further, in the Court's view, the significant alteration of Listing 5.06, with the addition of an entirely new subsection, renders this one of the "many cases" in which it would "be improper" to "review an ALJ's decision when it was based on inapplicable old regulations[.]" *See Keys*, 347 F.3d at 994. The Court therefore agrees that "[b]ecause the [Commissioner's] failure to apply the correct version of Listing 5.06 constitutes legal error, remand is appropriate to allow the agency to reevaluate [Plaintiff's] impairments under the correct version of Listing 5.06." *Brent A. M.*, 2025 WL 2416804, at *10. The Court does not opine on the outcome of the analysis or reach any of Plaintiff's other grounds for appeal.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment (Dkt. 18) is granted. The Commissioner's motion for summary judgement (Dkt. 21) is denied. The decision of the Commissioner is reversed, and the case is remanded for further proceedings consistent with this Memorandum Opinion and Order.

ENTERED: September 9, 2025

Hon. Keri L. Holleb Hotaling
United States Magistrate Judge